**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| CARLOS L. WALTON | * | |
| *Plaintiff,* | * | |
| v. | * | Case No.: 1:26-cv-02786-BAH |
| ROCKINGHAM INS. CO, et al | * | |
| *Defendant.* | * | |

* * * * * * * * * * * *

**ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND**
**<u>OF DEFENDANT PV HOLDING CORP.</u>**

Defendant, PV Holding Corp. (hereinafter "Defendant PV HOLDING"), by its attorneys, FERGUSON, SCHETELICH & BALLEW, P.A., Peter J. Basile, files this Answer to the First Amended Complaint heretofore filed in this matter by Plaintiff Carlos L. Walton (hereinafter "Plaintiff"), and demands a jury trial as to all matters to be tried in this civil action, and says:

**<u>ANSWER</u>**

**<u>Parties</u>**

1. The allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

2. The allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

3. The allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

4. The allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING is a corporation organized and existing under the laws of the State of Delaware, whose principal place of business is in the State of New Jersey.

5. The allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant ABCR is a Delaware Limited Liability Company with its principal place of business in New Jersey. Defendant ABCR conducts business in the State of Maryland. The remaining allegations of paragraph 5 of the Complaint are denied.

## **Factual Background**

6. The allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

7. The allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

8. The allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an

answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement and therefore denies the allegations as phrased.

9. The allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. T To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement and therefore denies the allegations as phrased.

10. The allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement and therefore denies the allegations as phrased.

11. The allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement and therefore denies the allegations as phrased.

12. The allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. The allegations of paragraph 12 assume the truth of the preceding paragraphs of which Defendant PV HOLDING has insufficient knowledge to form a belief as to the truth of those allegations, and therefore Defendant PV HOLDING denies the allegations of paragraph 12 of the Complaint as phrased.

**Count 1 - Negligence**

13. The allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint call for legal conclusions and do not pertain to this Defendant, and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have

sufficient knowledge to form a belief as to the truth of the statement and therefore denies the allegations as phrased.

14. The allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint call for legal conclusions and do not pertain to this Defendant, and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement and therefore denies the allegations as phrased.

15. The allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, the allegations of Paragraph 15 of the First Amended Complaint are denied.

**Prayer for Relief**

Defendant PV HOLDING denies Plaintiff's Prayer.

**Count I1 – Negligent Entrustment**

16. Defendant PV HOLDING incorporates by reference each of its responses to paragraphs 1 through 15 above as if fully restated herein.

17. Defendant PV HOLDING denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint as phrased.

18. Defendant PV HOLDING states that the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint are legal conclusions that do not require an answer, but to the extent that an answer is required are denied as phrased.

19. Defendant PV HOLDING states that the allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint are legal conclusions that do not require an answer, but to the extent that an answer is required are denied as phrased.

20. The allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint are denied.

**Prayer for Relief**

Defendant PV HOLDING denies Plaintiff's Prayer and respectfully requests that this Court dismiss Plaintiff's First Amended Complaint and enter judgment in favor of this Defendant for Costs.

**Count I1I – Vicarious Liability (Respondeat Superior)**

21. Defendant PV HOLDING incorporates by reference each of its responses to paragraphs 1 through 20 above as if fully restated herein.

22. Defendant PV HOLDING denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint as phrased.

23. The allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint are denied as phrased.

**Prayer for Relief**

Defendant PV HOLDING denies Plaintiff's Prayer and respectfully requests that this Court dismiss Plaintiff's First Amended Complaint and enter judgment in favor of this Defendant for Costs.

**Count IV – Breach of Contract**

24. Defendant PV HOLDING incorporates by reference each of its responses to paragraphs 1 through 23 above as if fully restated herein.

25. The allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an

answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

26. The allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

27. The allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

28. The allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint call for legal conclusions and do not pertain to this Defendant, and therefore do not require an answer.

29. The allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

30. The allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

31. The allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint call for legal conclusions and do not pertain to this Defendant, and therefore do not require an answer.

32. The allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint call for legal conclusions and do not pertain to this Defendant, and therefore do not require an answer.

33. The allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint do not pertain to this Defendant and therefore do not require an answer. To the extent that an answer is required, Defendant PV HOLDING does not have sufficient knowledge to form a belief as to the truth of the statement.

34. The allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint call for legal conclusions and do not pertain to this Defendant, and therefore do not require an answer.

**Prayer for Relief**

The prayer for relief in Count IV does not pertain to this Defendant and does not require an answer.

**AFFIRMATIVE DEFENSES**

1. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's First Amended Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's claims are barred by his contributory negligence.

3. Plaintiff's claims are barred by his assumption of risk..

4. Plaintiff's claims are barred in whole or in part by release.

5. Plaintiff's claims are barred by the applicable statutes of limitations.

6. Plaintiff's claims are barred, in whole or in part, by laches.

7. Plaintiff's claims are barred, in whole or in part, by estoppel, including but not limited to collateral estoppel.

8. Plaintiff's claims are barred, in whole or in part, by waiver.

9. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

10. Plaintiff's claims are barred, in whole or in part, by payment.

11. Plaintiff's claims are barred, in whole or in part, by res judicata.

12. Plaintiff failed to mitigate her alleged damages.

13. Plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than Defendants.

14. The claims asserted in Plaintiff's First Amended Complaint are premised on alleged duties that Defendant PV HOLDING did not owe to Plaintiff and to which, as a matter of law, PV HOLDING is not subject.

15. Plaintiff's rights and claims, if any, are barred to the extent that the injuries and damages allegedly suffered by Plaintiff were caused by intervening and superseding causes and were not proximately caused by any act or omission of Defendant PV HOLDING.

16. Plaintiff's claims against Defendant are barred under the Graves Amendment 49 U.S.C. §30106, and/or applicable State Law.

17. Defendant PV HOLDING specifically denies ownership of any vehicle involved in the subject occurrence.

18. Plaintiff's claims may be barred for other reasons not yet ascertained, and Defendant PV HOLDING reserves the right to amend this Answer upon discovery of additional defenses or grounds for dismissal prior to the trial of Plaintiff's claims. Defendant PV HOLDING reserves the right to amend any Affirmative and/or Negative Defenses asserted herein based on discovery obtained in this matter or as additional information becomes available. Defendant PV HOLDING reserves the right to rely on any defenses raised by any other defendant.

WHEREFORE, having fully answered Plaintiff Carlos L. Walton's First Amended Complaint, Defendant PV Holding Corp. respectfully prays this Honorable Court to dismiss Plaintiff's Complaint and enter judgment in favor of this Defendant for costs.

FERGUSON, SCHETELICH & BALLEW, P.A.

By: /s/ Peter J. Basile

Peter J. Basile
Fed. Trial Bar. # 10405
100 S. Charles Street, Suite 1401
Baltimore, MD 21201-2725
(410) 837-2200 (p)
(410) 837-1188 (f)
pbasile@fsb-law.com
*Attorney for Defendant*
*PV Holding Corp.*

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Defendant PV Holding Corp. demands a jury trial on all matters in this civil action.

FERGUSON, SCHETELICH & BALLEW, P.A.

By: /s/ Peter J. Basile

Peter J. Basile
Fed. Trial Bar. # 10405

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of July, 2026, a copy of the foregoing Answer, and Jury Demand, was served via the Court's e-filing system to all counsel of record.

By: /s/ Peter J. Basile

Peter J. Basile
Fed. Trial Bar. # 10405